Honorable Michael L. Shortridge Prosecuting Attorney Howell County Courthouse West Plains, Missouri 65775
Dear Mr. Shortridge:
This is in response to your request for an opinion from this office as follows:
 "Does any conflict of interest exist when the wife of the Prosecuting Attorney in a third class county is elected to the City Council of a city within the same county?
 "I am currently the Prosecuting Attorney of Howell County, Missouri, a third class county. My wife is contemplating running for election to the City Council of West Plains, the county seat of Howell County. An opinion is desired in order to forestall any possible conflict of interest claims."
Your question involves the eligibility of your wife to be a member of the city council of the City of West Plains while you are serving as prosecuting attorney of Howell County, Missouri, a third class county. We are unable to find any statute or case directly in point on this question.
Article VII, § 6, Constitution of Missouri, provides as follows:
 "Any public officer or employee in this state who by virtue of his office or employment names or appoints to public office or employment any relative within the fourth degree, by consanguinity or affinity, shall thereby forfeit his office or employment."
Clearly, this section has no application to the situation involved because it only prohibits a public officer or employee from appointing any relative in the fourth degree, by consanguinity or affinity, to public office or employment.
There is no law that requires a prosecuting attorney of a third class county to furnish legal advice to or represent such a city in his official capacity. The question does not involve the same person's holding two public offices or employment at the same time. The question is whether a husband and wife may hold different public offices or public employment at the same time without creating a conflict of interest which would render either one ineligible for such office or employment.
Section 105.490, RSMo, provides as follows:
 "1. No officer or employee of an agency shall transact any business in his official capacity with any business entity of which he is an officer, agent or member or in which he owns a substantial interest; nor shall he make any personal investments in any enterprise which will create a substantial conflict between his private interest and the public interest; nor shall he or any firm or business entity of which he is an officer, agent or member, or the owner of substantial interest, sell any goods or services to any business entity which is licensed by or regulated in any manner by the agency in which the officer or employee serves.
 "2. Any person who violates the provisions of this section shall be adjudged guilty of a misdemeanor, and upon conviction shall be punished by a fine of not more than five hundred dollars or by confinement for not more than one year, or both."
Section 105.495, RSMo, provides as follows:
 "No officer or employee of an agency shall enter into any private business transaction with any person or entity that has a matter pending or to be pending upon which the officer or employee is or will be called upon to render a decision or pass judgment. If any officer or employee is already engaged in the business transaction at the time that a matter arises, he shall be disqualified from rendering any decision or passing any judgment upon the same. Any person who violates the provisions of this section shall be guilty of a misdemeanor, and upon conviction shall be punished by a fine of not more than five hundred dollars or confinement for not more than one year, or both."
These statutes, commonly referred to as the "Conflict of Interest Law," do not purport to prohibit the wife of a prosecuting attorney from holding the office of member of a city council in a city in the county of which he is prosecuting attorney.
Absent a prohibition in the Constitution or a statute, under the common law, a public officer is prohibited from holding two incompatible offices at the same time, the rule being founded on principles of public policy; and, even though specific constitutional and statutory provisions furnish no bar to the holding of a particular office or position at the same time, the common law must be considered in determining whether there is any incompatibility therein unless the legislature has provided such disqualification by statute. 67 C.J.S. Officers § 23.
In State ex rel. Walker v. Bus, 135 Mo. 325, 338 (Banc. 1896), the court stated:
 "The remaining inquiry is whether the duties of the office of deputy sheriff and those of school director are so inconsistent and incompatible as to render it improper that respondent should hold both at the same time. At common law the only limit to the number of offices one person might hold was that they should be compatible and consistent. The incompatibility does not consist in a physical inability of one person to discharge the duties of the two offices, but there must be some inconsistency in the functions of the two; some conflict in the duties required of the officers, as where one has some supervision of the other, is required to deal with, control, or assist him."
Here no question is presented as to the holding of two offices by one individual.
As heretofore stated, we are unable to find any constitutional provision or statute that prohibits the wife of the prosecuting attorney from serving as a member of the city council of a third class city. It is our view that the fact a wife of a prosecuting attorney of a third class county is elected as a member of the city council in a third class city does not create a conflict of interest which causes either one to be disqualified for such office or from serving in such office.
Yours very truly,
 JOHN C. DANFORTH Attorney General